

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DENIS BLADIMIR VASQUEZ BLANCO, | No.   24-4266 |
| Petitioner, | Agency No. A094-308-962 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted September 18, 2025[**]
Pasadena, California

Before:     TASHIMA, BYBEE, and IKUTA, Circuit Judges.

Denis Bladimir Vasquez Blanco, a native and citizen of El Salvador,

petitions for review of a final removal order by an Immigration Judge (IJ), who

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

affirmed an asylum officer's negative reasonable fear decision. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.    Petitioner has failed to meet his burden of showing that a reasonable adjudicator would be compelled to conclude that he should be given the opportunity to establish his claims for withholding of removal and protection under the Convention Against Torture (CAT) at a merits hearing before an IJ. *See Hermosillo v. Garland*, 80 F.4th 1127, 1131 (9th Cir. 2023) (explaining that, under substantial evidence review, the IJ's determination must be upheld "unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary'" (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014))). The IJ's findings that Petitioner's fears of future threats from gangs are speculative and are not based on any protected ground are supported by substantial evidence. *See Gutierrez v. Garland*, 106 F.4th 866, 880 (9th Cir. 2024) (concluding that the petitioner's fear that his tattoos would make him a target for torture by the government or gangs in El Salvador was too generalized to "support reversal of the agency's denial of CAT protection"); *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200 & n.7 (9th Cir. 2023) (noting that we have previously rejected social groups similar to the petitioner's "proposed social groups defined as 'people fearing gang recruitment' and 'individuals deported from the United States'").

2

**2.** Petitioner knowingly and voluntarily waived his right to counsel at the reasonable fear interview. *Orozco-Lopez v. Garland*, 11 F.4th 764, 779 ("A non-citizen may waive the right to counsel, but such waiver must be knowing and volunrary" (citing *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004))). Petitioner's affirmative rsponse that he wished to contiue in the reasonable fear interview was a sufficient waiver of that right. *Cf. Tawadrus*, 364 F.3d at 1103–05. Petitioner has also failed to show prejudice from the purported denial of counsel at his reasonable fear interview. *See Gomez-Velazco v. Sessions*, 879 F.3d 989, 994 (9th Cir. 2018) (explaining that, where "the right to counsel has been wrongly denied only at a discrete stage of the proceeding, and an assessment of the error's effect can readily be made, then prejudice must be found to warrant reversal"). Petitioner was represented by counsel at the later hearing before the IJ and has failed to "demonstrate that the challenged proceeding 'was so fundamentally unfair that [he was] prevented from reasonably presenting [his] case.'" *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (quoting *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010)).

The petition for review is **DENIED**.[1]

---

[1]With the filing of this disposition, the pending motion for a stay of deportation is denied as moot.